# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 09-cv-211-GZS |
| ) | |
| MARK WESTRUM and ) | |
| LT. BAILEY, ) | |
| ) | |
| Defendants. | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Motion for Summary Judgment with Incorporated Memorandum of Law (Docket # 28) by Defendants Mark Westrum and Lieutenant James Bailey. As explained herein, the Court GRANTS Defendants' Motion for Summary Judgment.

**I.     SUMMARY JUDGMENT STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In

determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (quoting In re Ralar Distributors, Inc., 4 F.3d 62, 67 (1st Cir. 1993)). The nonmoving party "cannot defeat summary judgment by relying on 'conclusory allegations, or rank speculation.'" Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 224 (1st Cir. 2007) (citation omitted).

## II. FACTUAL BACKGROUND[1]

Plaintiff Stephen Robinson was incarcerated at Two Bridges Regional Jail ("Two Bridges") on October 20, 2008 on a parole violation. He remained at the Two Bridges until

---

[1] Defendants have filed a statement of material facts supported by record citations (Docket # 29). In his Response (Docket # 31), Robinson—a *pro se* plaintiff—relies primarily on allegations made in his original complaint, which was not signed under oath or penalty of perjury. In generally opposing Defendants' statement of material facts, Plaintiff does not include a separate affidavit or sworn statement of facts that would provide record support for his denials or additional facts. In their Reply (Docket # 32), Defendants have emphasized Plaintiff's failure to comply with District of Maine Local Rule 56(c) and assert that, as a result, Defendants' statement of material facts should be deemed admitted. See Dist. Me. Loc. R. 56(c) & (f).
   It is true that *pro se* plaintiffs are not as a rule excused from complying with District of Maine Local Rule 56. See Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 & n.2 (1st Cir. 2000) (noting that the First Circuit has "held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with" a district court's procedural rules). For, judges "who review these filings must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented plaintiff or devoting an excessive portion of their time to such cases." Clarke v. Blais, 473 F. Supp. 2d 124, 129 (D. Me. 2007). See also Lacadie v. Milford, Civ. No. 07-101-B-W, 2008 WL 1930410, at *6 n.8 (D. Me. May 1, 2008) ("Courts are not required or even expected to independently sift through the record in search of evidence that might salvage a *pro se* plaintiff[']s case.") (citation omitted). Nevertheless, in certain cases, this court has approached summary judgment disputes involving a *pro se* party with some leniency. See, e.g., Clarke, 473 F. Supp. 2d at 128-30; Demmons v. Tritch, 484 F. Supp. 2d 177, 183-84 (D. Me. 2007). In the context of this case, where the outcome remains the same regardless, the Court has accorded Plaintiff's *pro se* filing the appropriate latitude in the following recitation of undisputed material facts.

January 30, 2009, when he was transferred to a New Hampshire jail. Defendant Mark Westrum was the Correctional Administrator of Two Bridges during the time period Plaintiff was incarcerated there. In this capacity, Westrum was responsible for the jail operations; however, he had no personal involvement with Robinson relating to his mail. From August 2008 through March 2009, Defendant Lt. James Bailey was the Records Supervisor at Two Bridges.

Prior to his imprisonment at Two Bridges, Plaintiff received his mail at a post office box. Plaintiff gave his post office key to his Department of Health and Human Services case worker so that she could bring his mail to him while he was incarcerated. Plaintiff's caseworker was able to deliver a package of mail to Plaintiff on one occasion.

While Plaintiff was at Two Bridges, mail that Plaintiff received through official channels was noted on the mail log and then delivered to him. While he was in jail, he received several pieces of legal mail from an attorney named Justin Andrus. Plaintiff does not know whether additional mail was sent to him at the jail.

## III. DISCUSSION

Plaintiff alleges Defendants violated his constitutional rights by withholding mail while he was incarcerated at Two Bridges County Jail. Defendants agree that inmates have a constitutional right to receive incoming mail. See Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). However, they argue that there is no record evidence that any mail was withheld from Plaintiff. The Court agrees that there is no trialworthy issue with respect to Plaintiff's allegations.

The most generous reading of the factual record establishes that the jail keeps a log of mail received by an inmate, and the log generated for Plaintiff indicates that he did receive his mail while he was incarcerated. Plaintiff also admitted under oath at his deposition that he

3

received legal mail from Attorney Andrus.[2] Plaintiff's mail still was being sent to a post office box during some of the time period he was incarcerated at Two Bridges. On one occasion, a case worker from DHHS went to this post office box and brought him his mail. Beyond "rank speculation" by the Plaintiff, there is no evidence of any other mail sent to Plaintiff in prison that was not received. Mariani-Colon, 511 F.3d at 224. See also Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) ("Neither wishful thinking nor mere promises to produce admissible evidence at trial, nor conclusory responses unsupported by evidence will serve to defeat a properly focused Rule 56 motion.") (internal citations and alterations omitted).

**IV. CONCLUSION**

For the reasons explained herein, Defendants' Motion for Summary Judgment (Docket # 28) is GRANTED. Judgment shall be entered in favor of Defendants Mark Westrum and Lt. James Bailey on all claims.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 9th day of July, 2010.

---

[2] Because Plaintiff received his legal mail, the right of access to the courts is not implicated in this case.

4